UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JOHN BELTON MITCHELL,           )
                                )
          Petitioner,           )
v.                              )     3:25-CV-12-KAC-JEM
                                )     3:20-CR-87-KAC-JEM-4
UNITED STATES OF AMERICA,       )
                                )
          Respondent.           )

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

On November 23, 2021, Petitioner John Belton Mitchell pled guilty to (1) conspiracy to distribute fifty (50) grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A); and (2) conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) [Doc. 205].[1] On February 24, 2023, the Court sentenced Petitioner and entered final judgment [Doc. 477 at 1-3]. Petitioner did not appeal, and his conviction became final fourteen (14) days following the entry of judgment. *See* Fed. R. App. P. 4(b)(1)(A)(i). On January 13, 2025, Petitioner filed a pro se "Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255" [Doc. 618; *see also* 3:25-CV-12, Doc. 1]. For the following reasons, the Court denies Petitioner's Motion.

## I.     Background

In July 2019, law enforcement "began an investigation into the ice methamphetamine trafficking activities of numerous individuals in Grainger County, Tennessee" [Doc. 250 ¶ 25, *sealed]. As a part of this investigation, law enforcement "began supervising controlled buys

---

[1]Unless otherwise noted, all citations to the record refer to the docket in Petitioner's criminal action, Case Number 3:20-CR-87.

directly from" Petitioner [*Id.*, *sealed]. "[B]etween June 17, 2020, and September 17, 2020," law enforcement "supervised approximately five controlled purchases directly from" Petitioner "totaling approximately 108 grams of ice methamphetamine" [*Id.* ¶ 26, *sealed]. Following his guilty plea, the Court sentenced Petitioner and entered judgment on February 24, 2023 [Doc. 477]. Petitioner did not appeal, and his conviction became final fourteen (14) days after the Court entered judgment. *See* Fed. R. App. P. 4(b)(1)(A)(i).

Thereafter, Petitioner sent various letters to the Court and his former counsel. On June 8, 2023, Petitioner sent the Court two (2) letters. The first letter requested records from Petitioner's criminal docket sheet, "a 2255 form to file an ineffective assistance of counsel" claim, and advice regarding "the right steps to take to pursue [an] ineffective assistance of counsel" claim [Doc. 527 at 1]. The second letter asked "how" Petitioner could "go about getting help with [his] appeal" and for advice regarding how he could "get another lawyer" who could "help [him] take the right steps to pursue [his] appeal on direct appeal and 2255" [Doc. 537 at 2]. On June 26, 2023, Petitioner sent a letter to his former counsel which sought copies of his "docket sheet, plea agreement, sentencing briefs for Defense and Prosecution, [and] sentencing transcripts" to assist him in filing "future appeals or motions" [Doc. 549]. On October 16, 2023, Petitioner sent a letter that urged the Court to order his former counsel to give to him various communications they exchanged concerning Petitioner's criminal case [Doc. 593].

On January 29, 2024, Petitioner sent another letter to the Court, which the Court liberally construed as a pro se notice of appeal [*See* Doc. 601]. On February 5, 2024, Petitioner filed a pro se "Motion for Clarification of Notice of Appeal, and the Appeal Itself; and for Counsel on Appeal" [Doc 602].

On March 28, 2024, the United States Court of Appeals for the Sixth Circuit dismissed Petitioner's appeal as untimely [Docs. 605, 606]. The Sixth Circuit recognized that a claim for ineffective assistance of counsel "is cognizable" in a Section 2255 proceeding and cautioned Petitioner that the statute of limitations may "foreclose" any potential claim he may have if he did not timely move to vacate his sentence [Doc. 605 at 2]. This Court subsequently denied Petitioner's pro se "Motion for Clarification of Notice of Appeal, and the Appeal Itself; and for Counsel on Appeal" [Doc 602] as moot.

On January 13, 2025, nearly ten (10) months after the Sixth Circuit dismissed Petitioner's untimely appeal, he filed the instant Motion, raising a variety of claims [*See* Doc. 618; *see also* 3:25-CV-12, Doc. 1]. Because the Motion appeared to be untimely, the Court gave Petitioner notice and an opportunity to "provide any information he may wish to present regarding whether his Motion is untimely" [3:25-CV-12, Doc. 3 at 2 (citing *Shelton v. United States*, 800 F.3d 292, 295 (6th Cir. 2015)]. Petitioner did not timely respond to the Court's Notice. On April 24, however, Petitioner filed a "Response" [*See* 3:25-CV-12, Doc. 4]. Out of respect for Petitioner's constitutional rights, the Court considers his untimely response here.

## II.    <u>Legal Standard</u>

Under 28 U.S.C. § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence based on claims that: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" or (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To obtain post-conviction relief under Section 2255, Petitioner bears the burden to show: (1) "an error of constitutional magnitude;" (2) "a sentence imposed outside the statutory limits;" or (3) "an error of fact or law

that was so fundamental as to render the entire proceeding invalid." *See Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2004) (quotation omitted). To obtain collateral relief under Section 2255, then, a petitioner "must clear a significantly higher hurdle than would exist on direct appeal" and show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *See Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

The Court liberally construes a pro se Section 2255 Motion. *See McCormick v. Butler*, 977 F.3d 521, 528 (6th Cir. 2020). "But the liberal-construction rule does not 'abrogate basic pleading essentials,' such as the requirement that a § 2255 petitioner state the factual bases underpinning every claim for relief." *Jimenez v. United States*, No. 21-5201, 2022 WL 2610337, at *3 n.3 (6th Cir. July 8, 2022) (internal citation omitted). And Rule 4(b) of the *Rules Governing Section 2255 Proceedings in the United States District Courts* requires a district court to summarily dismiss a Section 2255 Motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *Rules Governing Section 2255 Proceedings in the United States District Courts* Rule 4(b); *see also Taylor v. United States*, 518 F. App'x 348, 349 (6th Cir. 2013) (citing *Day v. McDonough*, 547 U.S. 198, 209-10 (2006)) ("[A] court may sua sponte dismiss a [Section 2255 Motion] as barred by the applicable one-year statute of limitations."); *Whiteside v. United States*, No. 20-6144, 2021 WL 1400908, at *1 (6th Cir. Feb. 12, 2021) (noting that a court may sua sponte dismiss a Section 2255 Motion as untimely when it permits "the petitioner [to] present[] his position on timeliness"). The Court does so here.

## III.  **Analysis**

Petitioner is not entitled to Section 2255 relief because (1) he filed his Motion after Section 2255(f)'s statute of limitations period expired and (2) he is not entitled to equitable tolling. Start with the statute of limitations.  28 U.S.C. § 2255(f) "provides strict gatekeeping requirements for the filing of post-conviction petitions."  *See Chambers v. United States*, 763 F. App'x 514, 517 (6th Cir. 2019).  The statute provides a one-year limitations period to bring a Section 2255 Motion that begins upon the ***latest of***:

> (1) The date on which the judgment of conviction becomes final;
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Here, only Section 2255(f)(1) is at issue, and Petitioner missed that deadline. Petitioner does not argue that any government-created impediment prevented him from filing his Motion within the statute of limitations period.  Nor does Petitioner assert that the Supreme Court has recognized any new constitutional right that it has made retroactively applicable in Section 2255 proceedings.  And Petitioner does not claim that he recently discovered new facts previously undiscoverable through due diligence prior to the deadline to file a 2255 Motion. Petitioner therefore had one (1) year to file a Section 2255 Motion from the date his judgment of conviction

5

became final in March 2023. *See* 28 U.S.C. § 2255(f)(1). Petitioner did not meet that deadline [*Compare* Doc. 477 *with* 3:25-CV-12, Doc. 1; *see also* Doc. 605 at 1].

Equitable tolling does not save the Motion, either. Prevailing precedent holds that Section 2255's "statute of limitations is subject to equitable tolling." *See Shelton*, 800 F.3d at 295 (citation omitted). Equitable tolling generally "allows courts to toll a statute of limitations when a litigant's failure to meet" the "deadline unavoidably arose from circumstances beyond that litigant's control." *See Blain v. United States*, 766 F. App'x 327, 330 (6th Cir. 2019) (citing *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). To show an entitlement to equitable tolling, a petitioner must show that (1) "he has been pursuing his rights diligently," and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (citing *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 781, 783 (6th Cir. 2011)). In the Section 2255 context, a court should apply equitable tolling "sparingly." *See, e.g.*, *Sloan v. United States*, 2023 WL 6296602, at *1 (6th Cir. March 31, 2023) (citing *Robertson*, 624 F.3d at 784).

Here, Petitioner has not made the required showing. While Petitioner made several attempts to contact his counsel (and the Court) to obtain information potentially relevant to a Section 2255 motion, [*see* Docs. 527, 537, 549], merely being "diligent in [] attempts to contact trial counsel and the district court" to obtain what Petitioner "deem[s] necessary documents" is insufficient to establish due diligence, *see Blain*, 766 F. App'x at 330. Even assuming Petitioner was diligently pursuing his rights, he has shown no "extraordinary circumstance" outside of his control that "stood in his way and prevented timely filing" of his Section 2255 Motion. *See id.* In fact, the record shows the opposite. Petitioner was able to request and receive Section 2255 forms, understood the nature of his potential ineffective assistance of counsel claims, and understood his ability to file post-conviction motions as early as June 2023 [*See* Docs. 527, 537,

549]. To be sure, Petitioner stated in his letters that he needed "advice" on how to proceed with a Section 2255 Motion [*See* Docs. 527 at 1; 537 at 2]. But Petitioner's pro se status and personal unfamiliarity with applicable law is not alone an extraordinary circumstance beyond his control. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (citing *Holland v. Florida*, 560 U.S. 631, 651-52 (2010)); *see also Blain*, 766 F. App'x at 330 (citing *Robertson*, 624 F.3d at 784).

Resisting this conclusion, Petitioner contends that his Section 2255 Motion is timely because the Sixth Circuit "recognized [that he] had a cognizable claim" and therefore "tolling began March 28, 2024" when the Sixth Circuit dismissed his untimely appeal [*See* 3:25-CV-12, Doc. 4 at 2 (citing 28 U.S.C. § 2255(f))]. But Petitioner (1) conflates a claim's cognizability with a claim's timeliness and (2) misunderstands equitable tolling. As an initial matter, that a claim is cognizable says nothing about whether it is timely. Cognizability merely refers to whether a petitioner could raise a particular claim under the relevant statute—28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a); *see also Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018) (discussing when a claim is "cognizable under § 2255"). Under the law, even if a claim is cognizable, it must still be timely. *See* 28 U.S.C. § 2255(f). And for the reasons explained above, Petitioner's Motion and the purported claims therein are not timely.

And the Sixth Circuit's dismissal of Petitioner's untimely appeal did not toll the statute of limitations. Petitioner has not shown how the Sixth Circuit's dismissal prevented him from filing a timely Section 2255 in the approximately thirteen (13) months between his conviction becoming final and the Sixth Circuit's Order. Generously read, Petitioner may be arguing that the statute of limitations **began to run** when the Sixth Circuit dismissed his untimely appeal [*See* 3:25-CV-12, Doc. 4]. That argument, however, is "facially without merit" because his conviction became final

"when the time for direct appeal" expired, "not when [his] untimely appeal [wa]s dismissed." *See Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2012).

## IV.  Conclusion

Petitioner is not entitled to relief under Section 2255. Accordingly, the Court **DENIES** Petitioner's pro se "Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255" [Doc. 618; *see also* 3:25-CV-12, Doc. 1] and **DISMISSES** his civil action, 3:25-CV-12. An appropriate judgment will enter.

Under Rule 11(a) of the *Rules Governing Section 2255 Proceedings*, upon the entry of a final order adverse to a petitioner, the Court must "issue or deny a certificate of appealability." A certificate of appealability may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A "substantial showing" requires Petitioner to demonstrate that reasonable jurists would find that the Court's assessment of Petitioner's claim is "debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, no reasonable jurist would question the Court's analysis of Petitioner's claims. Accordingly, the Court **DENIES** a certificate of appealability. Further, any appeal of this Memorandum Opinion and Order would not be taken in good faith and would be totally frivolous. Therefore, under Federal Rule of Appellate Procedure 24, should Petitioner file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(3).

SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge

8